■ In the Matter of LANDMARK WEST! et al., Appellants, v NEW YORK CITY BOARD OF STANDARDS AND APPEALS et al., Respondents. [699 NYS2d 334] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered March 2, 1999, which, in a proceeding pursuant to CPLR article 78, denied the petition to set aside and annul a resolution of respondent New York City Board of Standards and Appeals (BSA) and to determine that Special Permit No. C880189AZSM, awarded January 9, 1989, had lapsed by operation of law, and dismissed the proceeding, unanimously affirmed, without costs.

As the IAS Court found, the challenged determination of the BSA, that the Special Permit had not lapsed under New York City Zoning Resolution § 11-42, enacted in 1995, was not arbitrary and capricious. The BSA properly determined, based on a rational construction of the language of section 11-42, that there was neither an express nor a necessarily implied requirement that the section be retroactively applied (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 584). In concluding that section 11-42 did not apply to the Special Permit, the BSA properly examined the legislative history of the 1995 Zoning Resolution amendments to ascertain the legislative intent respecting the section's retroactivity or lack thereof, a matter which, contrary to petitioners' argument, is not, given the presumption against retroactivity (*see, supra*), unambiguously clear from the language of section 11-42 (*see, City of New York v Stringfellow's of N. Y.,* 253 AD2d 110, 115-116, *lv dismissed* 93 NY2d 916). As the Special Permit was not subject to a lapse provision, section 11-43, authorizing a review of the factual basis for renewing a permit prior to its lapse date, did not apply.

We have considered petitioners' remaining arguments and find them to be unavailing. Concur—Sullivan, J. P., Tom, Rubin, Saxe and Buckley, JJ.